Filed 8/13/26  P. v. Dawson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>TIFFANY DAWSON,<br>　　　Defendant and Appellant. | C104654<br><br>(Super. Ct. No.<br>P14CRF00343) |

Defendant Tiffany Dawson appeals from the trial court's postjudgment order denying her motion pursuant to Penal Code section 1172.1.[1]  She argues the court erred in denying the motion and that we should remand for the court to reconsider it.  We conclude the order is not an appealable order and so dismiss the appeal.

BACKGROUND

In 2016, the trial court sentenced Dawson to six years for residential robbery (§ 211) plus 10 years for a firearm enhancement (§ 12022.53, subd. (b)).  In 2025, Dawson moved for resentencing pursuant to section 1172.1, asking the court to "exercise its discretionary authority in considering Ms. Dawson's case factors and current state of rehabilitation and to recall her case for resentencing."

---

[1]  Undesignated statutory references are to the Penal Code.

1

The trial court summarily denied the motion in a written order. The court said that, though Dawson had no standing to bring a motion under section 1172.1, it would treat the motion as an invitation for the court to exercise its discretion. The court then explained that pursuant to section 1172.1, "this Court has only jurisdiction to recall a sentence previously imposed, on its own motion, for '120 days from the date of commitment or at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.' Because more than 120 days have passed since imposition of sentence and because no party with standing, as authorized by section 1172.1, has moved or petitioned the court to recall defendant/petitioner's sentence, this court is without jurisdiction to recall defendant/petitioner's sentence, unless there have been some changes in the sentencing law applicable to defendant that were enacted before her case became final. [¶] It is well settled that when laws are enacted or amended, unless the Legislature expressly declares the law to apply retroactively, the general rule is that the law applies prospectively only. [Citations.] [¶] Because defendant's case was final before the enactment of Penal Code [section] 1172.1, this court lacks jurisdiction to recall defendant's sentence and resentence her."

Dawson timely appealed in September 2025. Her opening brief was filed in February 2026, and this case was fully briefed on June 15, 2026.

DISCUSSION

Dawson argues the trial court erred in concluding it lacked jurisdiction to recall her sentence. We conclude the court's order is not appealable and thus dismiss the appeal.

2

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b), authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

Section 1172.1, subdivision (a)(1), provides that the trial court "may, on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c), expressly states, however: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's denial of a defendant's motion for recall and resentencing under the statute is appealable. But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c), to mean that a defendant does not have a substantial right at stake when they request recall and resentencing. (*People v. Hodge*, *supra*, 107 Cal.App.5th at p. 996; *People v. Roy*, *supra*, 110 Cal.App.5th at pp. 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether

3

they should remain incarcerated.  But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996, italics omitted; see also *Roy*, at p. 998.)  *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the defendant would be able to appeal that decision.  (*Hodge*, at p. 996.)  The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature.  (*Ibid*.)

Dawson argues that, because the trial court denied her petition on the mistaken basis that it lacked jurisdiction to recall her sentence and resentence her, we should remand for reconsideration.  The court in *People v. Faustinos*, *supra*, 109 Cal.App.5th 687 considered and rejected this argument:  "[E]ven assuming the trial court erroneously stated, in response to Faustinos's unauthorized petition, that it lacks authority to act on its own motion, we do not think that would convert a nonappealable order to an appealable one.… 'appealability depends upon the nature of the decision made, not the court's justification for its ruling.' [Citation.]  [¶] … [W]e do not think that the court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Id*. at p. 698.)

Dawson acknowledges *Faustinos* in her opening brief but states we "should not follow" it.  We reject this request, as we agree with *Faustinos*'s reasoning.  In her reply brief, Dawson attempts to distinguish *Faustinos* by pointing out that, unlike the defendant in *Faustinos*, she explained how the applicable sentencing laws have changed since her initial sentencing.  This distinction does not diminish *Faustinos*'s applicability to this case.

4

Dawson also relies on *People v. Craig* (2026) 117 Cal.App.5th 1165, but that case is readily distinguishable. There, in response to a section 1172.1 petition, the trial court held a hearing and heard argument on the defendant's prison rehabilitation and youth at the time of the offense. (*Craig*, at p. 1169.) The trial court stated it had " 'looked at the various documents, the history of the case, the fact that this was a plea agreement,' and 'the type of robbery that was involved in this case.' " (*Id*. at p. 1170.) In denying the petition, the court explained: " 'In this case people were held, they were searched, … they were bound with some kind of device, and I'm sure terrorizing those individuals and terrorizing the community.' … 'It is not as persuasive that a person was young because the community is still a victim to the activity of the individual.' " (*Ibid*.) The appellate court held that the order denying the section 1172.1 petition affected the defendant's substantial rights because the court evaluated the merits of resentencing the defendant and denied the petition on that basis. (*Craig*, at p. 1173.) Here, in contrast, the trial court never considered the merits of Dawson's petition.

We remain persuaded by the reasoning of *Hodge*, *Roy*, and *Faustinos*, and thus conclude that, because Dawson had no right to a response by the trial court, an order denying her request under section 1172.1 cannot be said to affect her substantial rights. This is so even if the trial court's order erroneously stated it lacked authority to resentence Dawson on its own motion. Accordingly, the court's order here was not an appealable order under section 1237, subdivision (b), and the appeal must be dismissed. Nothing in our decision precludes Dawson from seeking a writ of habeas corpus in the trial court. (See *People v. Faustinos*, *supra*, 109 Cal.App.5th at pp. 698-699 ["a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1. That remedy is to petition for a writ of habeas corpus in the trial court"].)

5

## DISPOSITION

Dawson's appeal is dismissed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.